Richard J. Cea, Esq. (RC-6301)
Dominic Sarna, Esq. (DS-1883)
Wingate, Kearney & Cullen, LLP
Attorneys for Defendants
45 Main Street, Ste. 1020
Brooklyn, New York 11201
Tel. 718-852-5900
Fax. 718-852-8168
rjcea@wkclaw.com
dsarna@wkclaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MICHELLE SCALA,

                    Plaintiff,

    - against -

ST. PATRICK CATHOLIC ACADEMY, ROMAN
CATHOLIC DIOCESE OF BROOKLYN, and
ANDREA D'EMIC,

                Defendants.

**ANSWER TO COMPLAINT**

**14cv7506 (RRM)(VVP)**

Defendants, THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK, s/h/a "Roman Catholic Diocese of Brooklyn" (the "Diocese"), ST. PATRICK CATHOLIC ACADEMY, and ANDREA D'EMIC, as and for their answer to the Complaint of Plaintiff state:

1.     No response is required with respect to Plaintiff's statements of the nature of the action and alleged claims, and Defendants refer all questions of law to the Court for determination. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Neither admit nor deny the allegations contained in Paragraph 2 of the Complaint because it alleges a legal conclusion to which no response is required except admit that the Court has jurisdiction over the within proceedings.

1

3. Defendants neither admit nor deny the allegations contained in Paragraph 3 of the Complaint because it alleges a legal conclusion to which no response is required except admit that the venue is proper because either the Defendants' residence or principal place of business is located within the Eastern District of New York.

4. Admits the allegations in Paragraph 4 of the Complaint that Plaintiff is an individual but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff's current residence.

5. Deny the allegations contained in Paragraph 5 of the Complaint.

6. Admit the allegations contained in Paragraph 6 of the Complaint but state that Defendant, St. Patrick Catholic Academy, is a Roman Catholic School.

7. Deny the allegations contained in Paragraph 7 of the Complaint.

8. Deny the allegations contained in Paragraph 8 of the Complaint.

9. Admit the allegations contained in Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint except admit that the Academy is located in Brooklyn, New York and that some events complained of herein transpired in New York City.

11. Deny the allegations contained in Paragraph 11 of the Complaint.

12. Deny the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Admit the allegations contained in Paragraph 16 of the Complaint except deny that Plaintiff "confided" her disability to Defendant D'Emic.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint but admit that Plaintiff's contract of employment for the 2014/15 school Year was not renewed.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Admit the allegations contained in Paragraph 27 of the Complaint.

28. Admit the allegations contained in Paragraph 28 of the Complaint.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint but admit that Plaintiff's counsel, Michael G. O'Neill, corresponded with Defendant Academy by letter, dated February 4, 2014.

38. Deny the allegations contained in Paragraph 38 of the Complaint except admit that Plaintiff was suspended from her teaching position and that her employment was not renewed upon its expiration thereafter by the Defendant Academy.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

## GENERAL DENIAL

43.     Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not been previously specifically admitted or, denied, or for which knowledge or information has been denied. Each defendant denies that it has unlawfully discriminated against Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

44.     The Complaint herein fails, in whole or in part, to state a cause of action upon which relief may be granted, including an award of attorneys' fees, costs, disbursements and/or interest as to all Defendants.

## SECOND AFFIRMATIVE DEFENSE

45.     Plaintiff's New York City claims are barred, in whole or in part, as to each Defendant because Plaintiff failed to satisfy the procedural and administrative prerequisites for bringing and maintaining this action.

4

### THIRD AFFIRMATIVE DEFENSE

46.     Plaintiff's claims are barred, in whole or part as to each Defendant, because Plaintiff failed to adequately mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred, in whole or in part, because Defendants, have established and complied with policies, programs and procedures for the prevention and detection of discriminatory and harassing practices by employees, agents and other persons employed by it; and further, the employees or agents charged with discrimination in the Complaint have a record of no, or relatively few, prior incidents of discrimination.

### FIFTH AFFIRMATIVE DEFENSE

48.     Any and all decision made by Defendants affecting the Plaintiff's employment, or the terms and conditions thereof, were made in good faith, in compliance with their individual or joint obligations as required by law, and without malice or deliberate disregard of the law.

### SIXTH AFFIRMATIVE DEFENSE

49.     Plaintiff is not entitled to punitive damages as Defendants did not take any action, intentionally, maliciously egregiously, recklessly or in bad faith that would entitle plaintiff to punitive damages under Federal, State or City law.

### SEVENTH AFFIRMATIVE DEFENSE

50.     Defendant, The Roman Catholic Diocese of Brooklyn, New York, at no relevant time herein employed, controlled or supervised Plaintiff's employment and is, therefore, is an improper party to this action.

## EIGHTH AFFIRMATIVE DEFENSE

51. Defendant D'Emic is not a proper party under the Americans with Disabilities Act (the "ADA").

## NINTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred, in whole or part, because Plaintiff failed to comply with the established procedures and policies for notifying the Defendants of any discriminatory and harassing conduct, and/or failed to cooperate with any investigation of such allegations that did or would have been conducted by Defendants upon such notice.

## TENTH AFFIRMATIVE DEFENSE

53. Defendant has made good faith efforts to comply with the ADA and the NYCHRL in providing reasonable accommodation to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

54. Defendant Academy is a Roman Catholic Elementary School.

55. Plaintiff was the first grade teacher.

56. The children in the grade taught by Plaintiff were of a young age and required supervision at all times.

57. Any and all actions undertaken by Defendants Academy and D'Emic were required by reason of the business necessity to operate a proper School and by reason of the need for safety of the students from danger due to improper supervision by Plaintiff. All actions by these Defendants were based upon job-related standards uniformly applied to all teachers of the Academy consistent with the business necessity of operating an Academy and maintaining the safety of the students.

58. Plaintiff could not meet the job criteria and/or essential functions for a first grade teacher even with a reasonable accommodation.

## TWELFTH AFFIRMATIVE DEFENSE

59. Plaintiff's classroom behavior and failure to fulfill her job related functions caused a threat to the safety of the children students in her classroom.

## THIRTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants Academy and D'Emic.

## FOURTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff with a reasonable accommodation could not satisfy the essential functions of her employment, to wit a first grade teacher.


--Continued Next Page--


7

## FIFTEENTH AFFIRMATIVE DEFENSE

62. Any and all accommodations sought by Plaintiff would place an undue hardship upon the Defendants.

WHEREFORE, Defendants demand judgment, to wit: Dismissing the Complaint with prejudice; Granting Judgment in their favor on all causes of action; For recovery of attorneys' fees and the costs of this action, including but not limited to, attorneys' fees; For a trial by jury on all issues of fact so tribal; and for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
February 25, 2015

Richard J. Cea (RC–6301)
Dominic Sarna (DS-1883)
Wingate Kearney & Cullen, LLP
*Attorney for Defendants*
45 Main Street, Suite 1020
Brooklyn, New York 11201
(718) 852-5900

8